IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK HRKACH, et al.**,<br><br>Plaintiffs,<br><br>*v.*<br><br>**SAMSUNG ELECTRONICS AMERICA, INC., et al.**,<br><br>Defendants. | **CIVIL ACTION**<br><br>**NO. 24-6837-KSM** |

**MEMORANDUM**

**Marston, J.** **September 29, 2026**

Plaintiffs Frank and Betty Hrkach have brought claims against Defendants Samsung Electronics America, Inc. ("SEA"), Home Depot U.S.A., Inc., and The Home Depot, Inc. (together, "Home Depot") (collectively with SEA, "Defendants") to recover for property damage allegedly caused by a defective oven range that was manufactured by SEA and sold to Plaintiffs by Home Depot. (Doc. No. 1-3.) Defendants have moved for summary judgment (Doc. No. 88), and Plaintiffs and Defendants have made *Daubert* motions (Doc. Nos. 90, 92–96). While those motions remain pending, also presently before the Court are two motions filed by Defendants seeking to seal portions of the exhibits filed in support of the parties' respective positions. (Doc. Nos. 87, 101[1].) Because all Defendants make similar arguments, the Court addresses the

[1] This latter docket entry was filed by Defendants as a notice, but the Court construes it as a motion. On August 6, 2026, Plaintiffs filed five motions to exclude Defendants' experts and also sought preliminary approval to file their motions and Defendants' experts' reports under seal pursuant to the in light of Defendants' designations of the documents under the parties' Protective Order in this action. (*See* Doc. No. 86.) The Court granted Plaintiffs' motion on August 7, 2026, and directed Defendants to "identify any portion of the sealed materials that Defendants contend is confidential." (Doc. No. 97 at 2.) On August 21, 2026, Defendants complied with the Court's August 7, 2026 Order. (Doc. No. 101.)

motions together. For the reasons discussed below, the Court grants Defendants' proposed sealing.

## I. BACKGROUND

The facts underlying this case are set out more fully in the Court's two motion to dismiss rulings. (*See* Doc. Nos. 32, 55.) Because the Court writes primarily for the parties, we do not repeat those facts at length in this Memorandum, and instead, includes only a brief overview of the facts and procedural history of this action.

On May 4, 2022, Plaintiffs allegedly purchased an oven range manufactured by Defendant Samsung Electronics America, Inc. ("SEA") and sold by Defendants Home Depot U.S.A., Inc., and The Home Depot, Inc. (together, "Home Depot"). (Doc. No. 34 ¶¶ 3, 5, 15.) That December, the range's burner control knobs allegedly activated inadvertently and caused a fire at Plaintiffs' property. (*Id.* ¶¶ 18–19.) Plaintiffs then brought this action in the Court of Common Pleas in 2024, and Defendants timely removed it to this Court in December 2024. (Doc. No. 1.)

After two rounds of motion practice on Plaintiffs' pleadings, Plaintiffs' negligence and strict liability claims still remain. (*See* Doc. Nos. 55–56.) Discovery finished on August 3, 2026; and on August 6, 2026, Defendants moved for summary judgment and to exclude one of Plaintiffs' experts, Michael R. Stoddard, Jr. (Doc. Nos. 87, 90), and Plaintiffs moved to exclude five of Defendants' experts (Doc. Nos. 92–96). Contemporaneously with their motions for summary judgment and to exclude, Defendants moved for leave to seal portions of certain exhibits filed in support of each motion. (Doc. No. 87.) Plaintiffs moved for leave to file under temporary seal both their motions to exclude Defendants' experts and those experts' underlying reports. (Doc. No. 86.) The Court granted Plaintiffs' motion, and gave Defendants 14 days to

identify what information in Plaintiffs' motions to exclude or Defendants' experts' reports that should remain sealed. (Doc. No. 97.) Defendants then provided a notice that purported to identify such information on August 21, 2026. (Doc. No. 101.) Both of Defendants' motions are uncontested and thus ripe for resolution.

## II. LEGAL STANDARD

A more rigorous standard applies when a party seeks to seal judicial documents than applies to protective orders shielding discovery materials. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." (cleaned up)). Once a discovery document becomes a judicial record, the common law presumption of the right of public access attaches. *See id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001)); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). "This right antedates the Constitution, and promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Wartluft v. Milton Hershey Sch. & Sch. Tr.*, No. 16cv2145, 2019 WL 5394575, at *4 (M.D. Pa. Oct. 22, 2019) (cleaned up). Because the documents will be filed as part of the public record regarding Defendants' Motion for Summary Judgment and both parties' *Daubert* motions, they are "judicial records" to which the common law right of access attaches.

This right is not absolute, however, and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

In addition to the common law right of access, the public also has a First Amendment right of access in civil trials, which attaches to certain judicial documents. *Id.* at 673. The First Amendment right of access presents an even higher burden than the common law right of access, and the party requesting that trial documents be sealed must overcome strict scrutiny. *Id.* Specifically, the party must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (cleaned up).

Under either the common law or First Amendment standard, when a court analyzes a request for a sealing order, it must do so on a document-by-document basis, and the proponent of the sealing order must articulate with specificity the injury that would result if the particular document or parts of it were made public. *See id.*[2] Parties must do more than merely identifying

[2] In analyzing a motion for protective order under Rule 26(c), the court considers the *Pansy* factors, which ask whether:

1. Disclosure of the information will violate any privacy interests;
2. The information is being sought for a legitimate purpose or for an improper purpose;
3. Disclosure will cause a party embarrassment;
4. Confidentiality is being sought over information important to public health and safety;

and reciting the factors courts consider when reviewing a proposed sealing order. *See id.* at 676–77 ("[T]he *Pansy* factors are not a substitute for the common law right of access standard—which begins with the presumption of access.").

## III. ANALYSIS

Defendants' motions seek to file documents publicly with redactions and also wholly seal some documents which have been filed in support of their summary judgment motion and both parties' *Daubert* motions. Because the Court finds that Defendants requested sealing seeks to protect the substantially similar information, and Defendants assert similar reasons as support, the Court considers these requests together. As discussed further below, the Court grants the motions for leave to seal under both the common law and First Amendment standards.

### *A. Common Law Right of Access*

Conscious that this Court must perform a document-by-document review, Defendants prepared tables that identify each document, the nature of the information sought to be sealed in the document, and the justification for the proposed sealing. (Doc. No. 87 at 2–6; Doc. No. 101 at 2–5.) The Court's review of the tables, proposed redactions, and *in camera* review of the underlying information confirms that the Defendants seek to seal (1) "nonpublic technical information" from third-parties; (2) "technical design topics and related business decisions" from

---

5. The sharing of information among the litigants will promote fairness and efficiency;

6. A party benefitting from the order of confidentiality is a public entity or official; and

7. The case involves issues important to the public.

*In re Avandia*, 924 F.3d at 671. Although they provide useful guidance when the court balances the public versus private interests under Rule 26(c), the *Pansy* factors "are not sufficiently robust for assessing the public's right to access judicial records." *Id.* at 676; *see also In re Application of Storag Etzel GmbH*, No. 19mc209, 2020 WL 2949742, at *9 (D. Del. Mar. 25, 2020) ("In both substance and procedure, the burdens that must be overcome to justify the sealing of judicial records under the common law are dramatically less pliant than the factors to be weighed under Pansy in deciding whether a protective order is warranted."). And neither the second *Pansy* factor nor the third factor are relevant in deciding whether to enter a sealing order. *In re Avandia*, 924 F.3d at 676–77.

SEA; (3) SEA's "proprietary business information like product specifications and other design information" and its "sales and pricing information"; (4) "specifications and testing information of both Samsung and third-party supplier components"; and (5) "information submitted to a government agency pursuant to statutory protection from public disclosure." (Doc. No. 87 at 2–6; Doc. No. 101 at 2–5.) This information stems from documents including non-party technical standards and procedures, both parties' expert depositions and reports, and internal SEA specifications and procedures. (*See, e.g.*, Doc. No. 87 at 2–6.)

When considering the common law right of access, courts generally "'weigh in favor of protecting the financial information of private individuals and businesses.'" *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20cv4660, 2023 WL 1100995, at *4 (E.D. Pa. Jan. 30, 2023) (quoting *Three Bros. Supermarket Inc. v. United States*, No. 19cv2003, 2020 WL 5749942, at *4 (E.D. Pa. Sept. 25, 2020)) (cleaned up). And "[w]hile the kinds of information courts protect from disclosure is narrow, courts do protect from disclosure '[d]ocuments containing trade secrets or other confidential business information.'" *Invention Submission Corp. v. Taylor Mack Enters*., No. 21cv15, 2021 U.S. Dist. LEXIS 44677, at *4 (W.D. Pa. Mar. 10, 2021) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993)); *see also In re Avandia*, 924 F.3d at 673 ("[A]n interest in safeguarding a trade secret may overcome a presumption of openness.") (quotation omitted). And this concern is especially heightened when considering the non-public information of third-party businesses. *See Onex Credit Partners, LLC v. Atrium 5 LTD.*, No. 13cv5629, 2017 WL 4284490, at *3 (D.N.J. Sept. 27, 2017) (granting the plaintiff's motion to seal the personal financial information of a nonparty because the nonparty had legitimate privacy interests in the nondisclosure of that information); *Wickens v. Rite Aid HDQTRS Corp.*, No. 19cv2021, 2021 WL 5876695, at *2

(M.D. Pa. Feb. 23, 2021) (sealing nonparty financial information because they "have not consented to their personal information being made public").

Here, as discussed above, the information Defendants seek to keep from public disclosure is sufficiently confidential and private to both Defendants and other non-party corporations such that it overcomes the common law presumption of access. *See In re Avandia*, 924 F.3d at 672; *Prior v. IntegriChain, Inc.*, No. 24cv2980, 2026 WL 561046, at *4 (E.D. Pa. Feb. 27, 2026). For ease of reference and analysis, the Court has organized its specific rulings in a document-by-document chart below:

| **Exhibit Number and Description** | **Document or Pg Redaction** | **Common Law Analysis** | **Court's Ruling** |
|---|---|---|---|
| ***SEA MSJ Ex. 7; SEA Rule 702 Ex. 5:*** Excerpts from UL 858 Standard for Safety: Household Electric Ranges (Sixteenth Edition) (Introduction, § 47.1, § 47.3, § 49.1, § 49.3, § 87.3) | Entire Document | Defendants do not have authorization to file such records publicly because they contain proprietary information belonging to a non-party. Their public dissemination would render a competitive harm to the non-party organization. | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 8 SEA Rule 702 Ex. 6:*** UL 60730 Automatic Electrical Controls, § 2-9: Particular Requirements for Temperature Sensing Controls | Entire Document | Same as Exhibit 7 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 12:*** Excerpts of Bryson Brewer Deposition Transcript, March 11, 2026 | Redactions on Pages 30, 31, 130 | Courts have historically protected proprietary business information like product specifications, other design information, and sensitive details of business decisions. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***SEA MSJ Ex. 13:*** Samsung's Presentation on Schematics and Explanation for the Control Knob Assembly | Entire Document | Courts have historically protected proprietary business information like product specifications and other design information. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 14***: Control Knob Assembly Parts List for Electric Range Model NE63T81111SS | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 15***: Specification for Energy Regulator | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 16***: May 1, 2023 CSA Group Certificate of Compliance | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 17***: June 9, 2023 CSA Group Descriptive Report | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 18***: November 12, 2019 UL Certificate of Compliance for Energy Regulator | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***SEA MSJ Ex. 19:*** Defendants' Expert Report of Kristofer Buchan | Entire Document | Courts have historically protected proprietary business information like sales and pricing information. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 26; SEA Rule 702 Ex. 3:*** Plaintiffs' Expert Report of Michael Stoddard | Redactions on Pages 47–56, 58, 67, 72, 104–105, 110 | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 28:*** Plaintiffs' Expert Report of Frank Ferrese | Redactions on Pages 41, 44 | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 33:*** Model NE63T81111SS Specification Document | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Fearon, Ex A*** | Redactions on Pages 3–12, 15–16, 18–19, 27- 30, and 35 | Courts have historically protected proprietary business information like product specifications, other design information, and proprietary product testing. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***PLT MTE Fearon, Ex B*** | Redactions on Pages 29–30, 37, 44–45, 51–53, 57–58, 85–87, 93, 99, 106-107, 114, 117–118, 124–128, 140, 144–145, and 151 | Same as Fearon, Exhibit A | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Kessler, Ex A*** | Redactions on Pages 4–5, 7, 14, and 18 | Courts have historically protected nonpublic business information and proprietary information like product specifications and other design information. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Kessler, Ex B*** | Redactions on Pages 61–62, 65–67, 80, 92–93, 96, 103–104, 112, 115, 123–124, 126–127, 145, 158–160, 164-169, 182, 184–191, and 193 | Same as Kessler, Exhibit A | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Arndt, Ex A*** | Redactions on Page 42 | Courts have historically protected proprietary business information like product specifications, other design information, and sensitive details of business decisions. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Arndt, Ex B*** | Redactions on Pages 104–105, 116–117, 120–121, 123–124, 130–135, and 137–139 | Same as Arndt, Exhibit A | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***PLT MTE Stern, Ex A*** | Redactions on Pages 7 and 10 | Courts have historically protected proprietary business information and information provided to government agencies in the interest of cooperation which would not normally be disclosed to the public. Releasing this information publicly would render a concrete competitive harm to Defendants. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Stern, Ex B*** | Redactions on Pages 3, 24–25, 40–42, 69–71, 73–79, 100–104, 108–120, 122–134, 136–145, 155–156, 160–161, and 168–169 | Same as Stern, Exhibit A | **Granted for the reasons propounded by Defendants.** |

Accordingly, the parties have overcome the common law presumption of public access as to the confidential information discussed above.

### *B. First Amendment Concerns*

As these motions to seal were filed in conjunction with a motion for summary judgment and *Daubert* motions, this Court must also determine whether the parties have overcome their constitutional burden under the First Amendment.[3] We find that Defendants have done so.

To overcome the First Amendment hurdle, the parties must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher

[3] While the Third Circuit has not definitively reached this question "Judge Restrepo, concurring in part and dissenting in part [in *In re Avandia*], opined that the First Amendment right of access attaches to summary judgment briefs." *McCowan v. City of Philadelphia*, No. 19cv3326, 2021 WL 3737204, at *4 (E.D. Pa. Aug. 24, 2021). And "[t]he Second and Fourth Circuits have also held that the First Amendment right of public access extends to summary judgment materials, [such as those implicated here]." *Id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

values and is narrowly tailored to serve that interest." *In re Avandia*, 924 F.3d at 673 (cleaned up). As discussed above, the information Defendants seek to seal constitutes the private and confidential business information of both Defendants and some third-party businesses. While the information is not entirely irrelevant to the product liability issues before the Court, neither of the parties' substantive arguments rely wholly on the confidential information identified in these documents. (*See, e.g.*, Doc. Nos. 88-2, 90-2 (Defendants' wholly unredacted motions for summary judgment and *Daubert* motion); Doc. No. 101 (Defendants' notice which does not seek to seal the memoranda in support of Plaintiffs' *Daubert* motions).) As such, the public can learn and understand the parties' substantive arguments without needing access to all of the confidential and competitively sensitive information referenced in the parties' motions. Given the nature of this information, its sealing only marginally affects the public's right to access materials filed in relation to judicial proceedings. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (allowing redactions of confidential financial and licensing information because it "is the type of information which, while largely incidental to the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors"); *Prior*, 2026 WL 561046, at *4 (granting motion to seal because the documents contained "'trade secrets and confidential information,' which 'if released, could put [Defendants] at a competitive disadvantage.'" (quoting *Gerwitz v. Corizon Health, Inc.*, No. 19cv6191, 2020 WL 12688363, at *2 (E.D. Pa. Nov. 23, 2020); *Fed. Trade Comm. v. Thomas Jefferson Univ.*, No. 20cv1113, 2020 WL 5519353, at *1 (E.D. Pa. Sept. 14, 2020) (granting motion to seal in part as specific exhibits "contain[ed] future financial and budget projections, future strategic plans, and other business information that, if disclosed, might harm a Defendant's ability to compete").

.

And, redacting this information from the identified exhibits represents the least restrictive means available to protect the privacy interests at stake. *See Carson v. N.J. State Prison*, No. 17cv6537, 2018 WL 4554465, at *2 (D.N.J. Sept. 21, 2018) ("Sealing the documents filed in this action that are replete with victim identifying information is the least restrictive means available to protect the public and private interests at stake."); *Del Nero v. NCO Fin. Sys., Inc.*, No. 06cv4823, 2021 WL 2375892 (E.D. Pa. June 10, 2021) ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). So, and again for ease of reference and analysis, the Court has organized its specific rulings in a document-by-document chart below:

| **Exhibit Number and Description** | **Document or Pg Redaction** | **First Amendment Analysis** | **Court's Ruling** |
|---|---|---|---|
| ***SEA MSJ Ex. 7; SEA Rule 702 Ex. 5:*** Excerpts from UL 858 Standard for Safety: Household Electric Ranges (Sixteenth Edition) (Introduction, § 47.1, § 47.3, § 49.1, § 49.3, § 87.3) | Entire Document | The public does not have a First Amendment right in accessing nonpublic engineering standards from non-parties. That organization's business interest in maintaining confidentiality over these standards outweighs limited public interest that may exist in these records. | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 8 SEA Rule 702 Ex. 6:*** UL 60730 Automatic Electrical Controls, § 2-9: Particular Requirements for Temperature Sensing Controls | Entire Document | Same as Exhibit 7 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 12:*** Excerpts of Bryson Brewer Deposition Transcript, March 11, 2026 | Redactions on Pages 30, 31, 130 | The public does not have a First Amendment right in accessing nonpublic and technical product information or business data. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***SEA MSJ Ex. 13:*** Samsung's Presentation on Schematics and Explanation for the Control Knob Assembly | Entire Document | The public does not have a First Amendment right in accessing nonpublic and technical product information or business data. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 14***: Control Knob Assembly Parts List for Electric Range Model NE63T81111SS | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 15***: Specification for Energy Regulator | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 16***: May 1, 2023 CSA Group Certificate of Compliance | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 17***: June 9, 2023 CSA Group Descriptive Report | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***SEA MSJ Ex. 18***: November 12, 2019 UL Certificate of Compliance for Energy Regulator | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 19:*** Defendants' Expert Report of Kristofer Buchan | Entire Document | The public does not have a First Amendment right in accessing nonpublic sales information. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 26; SEA Rule 702 Ex. 3:*** Plaintiffs' Expert Report of Michael Stoddard | Redactions on Pages 47–56, 58, 67, 72, 104–105, 110 | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 28:*** Plaintiffs' Expert Report of Frank Ferrese | Redactions on Pages 41, 44 | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |
| ***SEA MSJ Ex. 33:*** Model NE63T81111SS Specification Document | Entire Document | Same as Exhibit 13 | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***PLT MTE Fearon, Ex A*** | Redactions on Pages 3–12, 15–16, 18–19, 27- 30, and 35 | The public does not have a First Amendment right in accessing nonpublic and technical product information and proprietary testing. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Fearon, Ex B*** | Redactions on Pages 29–30, 37, 44–45, 51–53, 57–58, 85–87, 93, 99, 106-107, 114, 117–118, 124–128, 140, 144–145, and 151 | Same as Fearon, Exhibit A | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Kessler, Ex A*** | Redactions on Pages 4–5, 7, 14, and 18 | The public does not have a First Amendment right in accessing nonpublic business decisions and technical product information. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Kessler, Ex B*** | Redactions on Pages 61–62, 65–67, 80, 92–93, 96, 103–104, 112, 115, 123–124, 126–127, 145, 158–160, 164-169, 182, 184–191, and 193 | Same as Kessler, Exhibit A | **Granted for the reasons propounded by Defendants.** |

| | | | |
|---|---|---|---|
| ***PLT MTE Arndt, Ex A*** | Redactions on Page 42 | The public does not have a First Amendment right in accessing nonpublic and technical product information or business data. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Arndt, Ex B*** | Redactions on Pages 104–105, 116–117, 120–121, 123–124, 130–135, and 137–139 | Same as Arndt, Exhibit A | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Stern, Ex A*** | Redactions on Pages 7 and 10 | The public does not have a First Amendment right in accessing nonpublic business information. The company's business interest in maintaining confidentiality over this information outweighs whatever limited public interest exists in these records. | **Granted for the reasons propounded by Defendants.** |
| ***PLT MTE Stern, Ex B*** | Redactions on Pages 3, 24–25, 40–42, 69–71, 73–79, 100–104, 108–120, 122–134, 136–145, 155–156, 160–161, and 168–169 | Same as Stern, Exhibit A | **Granted for the reasons propounded by Defendants.** |

Accordingly, sealing of the above information is narrowly tailored to protect the information in these documents, and is essential to preserve higher values.

## IV. CONCLUSION

For the reasons discussed above, the Court finds all Defendants' proposed redactions and sealing requests are warranted under both the common law and First Amendment. Accordingly, the Court grants Defendants leave to file redacted and sealed documents on the public docket. An appropriate Order follows.